**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| County Mutual Insurance Company, | No. CV-19-05841-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Wespac Construction Incorporated, et al., | |
| Defendants. | |

The Court reviewed Plaintiff's original complaint and issued an order requiring Plaintiff to amend the complaint to properly allege the citizenship of AZ Fire Sprinklers, LLC. (Doc. 9.) Plaintiff promptly filed its first amended complaint, which alleges in relevant part that "Defendant AZ Fire Sprinklers, LLC ("AZ Fire") is an Arizona limited liability company with its principal place of business located in Camp Verde, Yavapai County, Arizona. According to records maintained by the Arizona Corporation Commission, AZ Fire has two members, Nathan L. Jackson and Jennifer A. Jackson, both of whom reside in Camp Verde, Yavapai County, Arizona." (Doc. 12 ¶ 6.)

The Court appreciates Plaintiff's swift amendment, but unfortunately, there remains a defect in the jurisdictional allegations. As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States;

and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations omitted).

Plaintiff failed to allege the *citizenship* of Nathan L. Jackson and Jennifer A. Jackson, who are alleged to be the two members of AZ Fire Sprinkler, LLC. This can be pled on information and belief. *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing plaintiff to plead jurisdictional allegations on information and belief "where the facts supporting jurisdiction [were] not reasonably ascertainable by the plaintiff").

Accordingly,

**IT IS ORDERED** that by January 17, 2020, Plaintiff shall file a second amended complaint properly alleging the citizenship of AZ Fire Sprinklers, LLC.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file a second amended complaint, the clerk of the court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 2nd day of January, 2020.

_____
Dominic W. Lanza
United States District Judge